Barnard v. Commissioners of Highways.

Robert P. Barnard v. Commissioners of Highways of the Town of Nokomis et al.

1. INJUNCTIONS—*To Restrain a Threatened Nuisance—Proof Required.*—Where commissioners of highways are about to remove a bridge and fill the space covered thereby, and there is a reasonable doubt as to whether such action will prove injurious to the private rights of a complainant or become a private nuisance, an injunction will be denied until the question is determined by the actual use of the property.

**Injunction.**—Appeal from the Circuit Court of Montgomery County; the Hon. A. W. HOPE, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

JAMES M. TRUITT, attorney for appellant.

WM. M. TODD and LANE & COOPER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery filed by appellant to restrain appellees from removing a certain bridge from a highway and filling the space covered thereby with earth, which, as alleged, would obstruct the natural flow of water from the land of appellant. It was averred that the natural course of drainage was from the appellant's land over the land traversed by the highway, and that the grade, having been raised, kept the water back, so that the bridge was necessary to permit the escape of the water in the natural course and that after the removal of the bridge and the filling of the space thereunder there would be no outlet.

The principal question of fact raised by the answer was as to the natural course of drainage. The testimony was taken by the master on a reference for that purpose and to his report, which was adverse to appellant, various exceptions were taken.

The exceptions were overruled and a final decree dismissed the bill.

Many witnesses were examined and the proof is in hopeless conflict as to the chief issue. It is not deemed neccessary to attempt a statement or analysis of the testimony.

That work has been done by counsel from their respective standpoints and we have attentively considered all that has been adduced and have carefully read all the testimony as it is found in the abstract.

In Thornton v. Roll, 118 Ill. 350, it was said, quoting from Wood on Nuisance, Sec. 788:

" But to entitle a party to relief in such cases a very strong case must be made by the bill and sustained by the proof— as if on coming in of the answer the fact of contemplated

nuisance is fully denied, or if upon the facts there is a reasonable doubt of the effect of the proposed erection the injunction will be denied until the question of nuisance is determined by the actual use of the property."

In Hotz v. Hoyt, 135 Ill. 388, the court again state the rule as thus announced and support it by authorities cited. Applying the rule to the case as made by the proof we are inclined to agree with the conclusion reached by the Circuit Court. Intelligent and apparently honest witnesses disagree as to whether the water would naturally flow from the appellant's land over the land traversed by the road, and whether the closing of the space covered by the bridge would affect the appellant injuriously.

By this testimony the matter is left in great uncertainty, and in such a state of proof an injunction should not be granted. We think the decree was right and it will be affirmed.